**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| | : | |
| RAPHAEL WEINER, et al., | : | OPINION |
| | : | |
| Plaintiffs, | : | Civ. No. 08-2365 (WHW) |
| | : | |
| v. | : | |
| | : | |
| TONI R. GARONE, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

**Walls, Senior District Judge**

Plaintiff Raphael Weiner ("Weiner") brings this Federal Torts Claim action alleging that a car driven by United States Secret Service Special Agent Toni R. Garone "violently collide[d]" with his own, causing him to suffer extensive injuries. Raphael Weiner's wife, Terry Weiner, brings a claim for loss of consortium. The United States, substituted as defendant in place of Toni Garone, now moves to dismiss for lack of subject matter and personal jurisdiction. Defendant United States Secret Service moves to dismiss on the basis of absolute immunity. Pursuant to Fed. R. Civ. P. 78(b), this motion is decided without oral argument. The motion is granted.

## FACTS AND PROCEDURAL HISTORY

The automobile accident, which allegedly injured Weiner, occurred on May 4, 2006 on

**NOT FOR PUBLICATION**

Route 139 in Jersey City, New Jersey. (Compl. ¶¶ 1-4.) On August 3, 2006, counsel for Weiner

submitted to the United States Secret Service ("Secret Service") a Standard Form-95 "Claim for

Damage, Injury, or Death" ("SF-95") to initiate an administrative claim under the Federal Tort

Claims Act ("FTCA"). (Declaration of Keith L. Prewitt In Support of Motion to Dismiss

("Prewitt Decl."), Ex. B.)

The SF-95 directed plaintiff to provide an "amount of claim for personal injury" and total

amount of claim. (Prewitt Decl., Ex. B.) Plaintiff did not provide an amount for either, writing

"unspecified at this time." (Id.) On November 21, 2006, the Secret Service sent Weiner's counsel

a letter advising that "[u]nder the provisions of 31 C.F.R. § 3.2., a sum certain for damages must

be provided before an agency may settle or compromise a claim." (Prewitt Decl., Ex. C.) The

letter also requested additional information including a written statement by Weiner's physician,

prognosis and expected expenses, itemized bills of expenses already incurred or itemized

receipts, a statement indicating whether plaintiff or other sources already paid medical bills, and

a written statement from his employer should plaintiff want to claim for lost wages. (Id.) Plaintiff

responded by providing the Secret Service with medical records and a ledger of medical

expenses, but still did not specify a sum certain amount of damages. (Prewitt Decl., Ex. D.) On

July 27, 2007, the Secret Service again wrote to plaintiff warning that a sum certain is required in

order to settle or compromise a claim. (Prewitt Decl., Ex. E.) Weiner did not respond to this

letter and, to this date, has never specified a sum certain on his SF-95 claim for administrative

relief.

On May 5, 2008, Raphael and Terry Weiner filed this suit against agent Garone and the

NOT FOR PUBLICATION

United States Secret Service.[1]  The United States was substituted as the party defendant in place of agent Garone by certifying pursuant to 28 U.S.C. § 2769(d)(1) that agent Garone was acting within the scope of her employment as an employee of the United States at the time of the conduct alleged by plaintiff. The United States now moves to dismiss for lack of both subject matter and personal jurisdiction. The Secret Service moves to dismiss on absolute immunity grounds pursuant to 28 U.S.C. § 2679(a), (b)(1) which provides absolute immunity to federal employees, federal agencies, and their instrumentalities for common law tort. Plaintiffs oppose the motion to dismiss only as to the United States and concede that their claims against the Secret Service should be dismissed. (Pls.' Br. at 7.)

## STANDARD OF REVIEW

Unlike a motion to dismiss for failure to state a claim, in a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), no presumption of truthfulness attaches to the allegations in the complaint and the court may consider matters outside the pleadings such as affidavits and other material properly before the court. See Anjelino v. New York Times Co., 200 F.3d 73, 87 (3d Cir. 1999). In a Rule 12(b)(1) motion, "the Court is free to weigh the evidence and satisfy itself whether it has the power to hear the case." Carpet Group Int'l v. Oriental Rug Importers Ass'n, 227 F.3d 62, 69 (3d Cir. 2000) (citing Mortensen v. First

---

[1]  Plaintiffs also named Santoro Construction and John Does 1-10 as defendants. According to the Declaration of Keith L. Prewitt, Deputy Director of the Secret Service, Santoro Construction is a fictional entity. Plaintiffs did not respond to defendants' argument that all claims against Santoro Construction should be dismissed nor did it dispute that Santoro Construction is a fictional entity. As claims against a fictional entity are not cognizable, all claims against Santoro Construction are dismissed.

NOT FOR PUBLICATION

Federal Savings & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). "[T]he existence of disputed

material facts will not preclude the trial court from evaluating for itself the merits of

jurisdictional claims." Mortensen, 549 F.2d at 891. In addition, the plaintiff has the burden of

proving that jurisdiction does in fact exist. See id.

## DISCUSSION

While the United States is immune from suit without its consent, see United States v.

Dalm, 494 U.S. 596, 608, 110 S. Ct. 1361, 1368 (1990), the Federal Tort Claims Act ("FTCA")

allows suits against the Government for torts committed by its employees while in the scope of

their employment. See 28 U.S.C. §§ 1346(b), 2679. To bring suit under the FTCA, a plaintiff is

first required to present their claim to the appropriate federal agency, along with a denial by that

agency, in order to file suit under the Act. See 28 U.S.C. §2675(a); see also Bialowas v United

States, 443 F.2d 1047, 1049 (3d Cir. 1971). "This requirement is jurisdictional and cannot be

waived." Bialowas, 443 F.2d at 1049.  28 C.F.R. § 14.2(a) provides that:

> a claim shall be deemed to have been presented when a Federal agency receives
> from a claimant, his duly authorized agent or legal representative, an executed
> Standard Form 95 or other written notification of an incident, accompanied by a
> claim for money damages in a sum certain for injury to or loss of property,
> personal injury, or death alleged to have occurred by reason of the incident ....

Id. In addition, the SF-95 includes language stating, "[f]ailure to specify [the total amount of

claim] may cause forfeiture of your rights" and "[f]ailure to specify a sum certain will result in

invalid presentation of your claim and may result in forfeiture of your rights." (Prewitt Decl., Ex.

B.)

The United States argues that by omitting a sum certain amount on the SF-95, Weiner

-4-

NOT FOR PUBLICATION

failed to properly present his claims. Because his claims were not properly presented to the federal agency in the first instance, the government asserts, the Court lacks subject matter jurisdiction over the claims. Plaintiffs counter that Weiner's submissions to the Secret Service are sufficient to satisfy the administrative notice requirement of the FTCA, 28 U.S.C. §2675(a). Plaintiffs contend that the medical records and the ledger of insurance payments sent to the Secret Service "provided the defendant with sufficient information from which an amount, for purposes of the federal agency to assess the claim on an internal basis, could be determined." (Pls.' Br. at 5.)

Plaintiffs' argument is clearly contradicted by Third Circuit precedent. In Bialowas, the Third Circuit held that the plaintiff failed to meet the requirements of the FTCA because he had not included a sum certain on his SF-95 even though he had attached a medical bill and automobile repair estimates to his claim. See Bialowas, 443 F.2d at 1048-50; see also Farr v. United States, 580 F. Supp. 1194, 1196 (E.D. Pa. 1984) ("The fact that plaintiff attached two bills from doctors for services in connection with plaintiff's injuries does not alone satisfy the [sum certain] requirement."). Plaintiffs attempt to distinguish their case from Bialowas, noting that plaintiff there also failed to sign and date the SF-95. In a later decision, however, the Third Circuit made clear that a tort claim under the FTCA must be dismissed where the SF-95 is "complete and accurate in all respects except that plaintiff failed to specify, in sum certain, the amount of his claim." Jordan v United States, 333 F. Supp. 987 (E.D.Pa. 1971), aff'd, 474 F.2d. 1340 (3d Cir. 1973)). Like here, the plaintiff in Jordan "provided defendant with supplementary medical reports and X-rays as they became available to insure that defendant was apprised of

NOT FOR PUBLICATION

recent medical developments." Id. at 988. While acknowledging that the factual setting and legal arguments presented in Bialowas differ somewhat from the case before it, the district court in Jordan held that these differences did not compel a  contrary result. See id. at 990. The Third Circuit affirmed. See 474 F.2d. 1340.

Plaintiffs' reliance on Tucker v. United States Postal Service, 676 F.2d 954 (3d Cir. 1982) and Adams v. United States, 615 F.2d 284 (5th Cir. 1980) is also misplaced. In both cases, the courts held that the plaintiffs satisfied the notice requirements of 28 U.S.C. § 2675 where they supplied the sum certain but failed to submit the supporting medical records and bills. Although plaintiffs argue that the result should not be different in the reverse case where the medical records and bills are provided but not the sum certain the reasoning of Tucker and Adams precludes their argument. The Tucker court, quoting extensively the opinion in Adams, reasoned that the plaintiff's failure to submit the supplemental information was not fatal because such information was required for settlement of the claims, not notice. See Tucker, 676 F.2d at 959. Because regulatory requirements for settlement of claims could not be equated with the notice requirements, the prerequisite under the statute to invoke federal court jurisdiction, the court held that the plaintiff's refusal to settle his claim with the relevant agency after giving proper notice did not deprive the federal courts of jurisdiction. See id. Unlike the plaintiffs in Tucker and Adam, plaintiffs here have failed to comply with the threshold requirement of notice by omitting the sum certain. That omission deprives this Court of jurisdiction.

Plaintiffs also advance as support the case of Molinar v. United States, 515 F.2d 246 (5th Cir. 1975). The Molinar court denied the United States' motion to dismiss on jurisdictional

NOT FOR PUBLICATION

grounds holding that "[i]n view of the deficiencies in Form 95, we are inclined to view the original claim as one for a 'sum certain' because of the bills attached to it... these documents suffice as a 'sum certain.'" Id. at 249. As the United States correctly notes, Molinar is distinguishable from this case. The "deficiencies" the Fifth Circuit referred to were not the plaintiff's failure to specify a "sum certain" or submit other information but rather, the deficiencies in the government's form provided to the plaintiff. See id. That form, an old version of SF-95, did not advise claimant of the two-year statute of limitations nor did it warn that a claimant must state a sum certain. See id. The Fifth Circuit therefore found against the United States on estoppel grounds: Because the United States did not request the required information, it was estopped from using plaintiff's failure to provide such information as grounds for dismissal. See id. In contrast, the SF-95 provided to plaintiffs here made explicit warnings regarding the statute of limitations and the sum certain requirement. (Prewitt Decl., Ex. B.) Moreover, plaintiffs were asked repeatedly to provide a sum certain and warned each time that failure to do so would preclude their present suit.  (Prewitt Decl., Exs. C, E.)

Plaintiffs further urge that the legislative intent behind FTCA cannot have been to dismiss cases for which sum certain was undeterminable at the time of filing and submission. (Pls.' Br. at 7.) This argument, too, is unavailing. A basic purpose of the regulations requiring a statement of the specific sum of the claim is to enable the head of the federal agency to determine whether the claim falls within the jurisdictional limits of his exclusive authority to process, settle or to properly adjudicate the claim. See Bialowas, 443 F.2d at 1050. The omission of this crucial information frustrates the purpose of the FTCA to expedite fair administration of claims "in order

**NOT FOR PUBLICATION**

to free the agencies to concentrate on more difficult cases." See Tucker, 676 F.2d 954, 959

(quoting Adams, 615 F.2d at 288-91). Plaintiffs' unilateral assessment that their claims could not

have been "settled or compromised at any state prior to litigation" does not excuse their failure to

comply with the notice requirements mandated by statute.

      As plaintiff Raphael Weiner has failed to satisfy the jurisdictional prerequisites of FTCA,

this Court is without jurisdiction to hear his claims. Raphael Weiner's claims are dismissed with

prejudice. The claims of Terry Weiner must also be dismissed as she never presented her claim to

the Secret Service.  See White-Squire v. United States Postal Serv., No. 08-3486, 2009 WL

313338, *7 (D.N.J. Feb. 6, 2009) ("To sue for loss of consortium or services under the FTCA,

spouses of tort victims must also follow the statutory procedures."); Nazzaro v. United States,

304 F.Supp 2d 605, 622 (D.N.J. 2004) (in order for the court to have jurisdiction to hear spouse's

claim, spouse must first have exhausted all administrative remedies).

      Because plaintiffs' complaint is dismissed for want of subject matter jurisdiction, the

Court need not address the United States' alternative arguments for dismissal.

## CONCLUSION

      Defendants' motion to dismiss is granted. Plaintiffs' complaint is dismissed with

prejudice.

      **s/William H. Walls**
      United States Senior District Judge

**NOT FOR PUBLICATION**

**Appearances:**

Adam M. Kotlar, Esq.
1913 Greentree Road
Cherry Hill, NJ 08003
               Attorney for Plaintiffs Raphael and Terry Weiner

Ralph J. Marra, Jr., Esq.
Michael E. Campion, Esq.
United States Attorney, District of New Jersey, Civil Division
970 Broad Street, Suite 700
Newark, NJ 07102
               Attorneys for Defendant The United States